IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BETH LUEBKE-JONES,

                              Plaintiff,                          OPINION AND ORDER

    v.

                                                          23-cv-692-wmc

STATE FARM FIRE AND
CASUALTY COMPANY,

                              Defendant.

In this case, plaintiff Beth Luebke-Jones brings claims for breach of contract, bad faith and statutory interest against defendant State Farm Fire and Casualty Company ("State Farm") for refusing to cover hail damage to her roof. Two motions by defendant are pending before the court: (1) defendant's motion to bifurcate and stay proceedings on plaintiff's bad faith and statutory interest claims (dkt. #7); and (2) defendant's motion for summary judgment on the grounds that plaintiff has failed to name an expert witness timely. (Dkt. #13.) In response, plaintiff seeks an extension of time to disclose any experts. (Dkt. #18.) For the reasons explained below, the court will deny without prejudice defendant's motion to bifurcate but deny defendant's motion for a stay. Finally, the court will grant plaintiff's motion for an extension of time to disclose experts, schedule a status conference before Magistrate Judge Anita Boor to reset relevant deadlines, and deny defendant's motion for summary judgment.

BACKGROUND[1]

**A. Facts**

Luebke-Jones is a Wisconsin citizen and State Farm is an Illinois insurance company with its principal place of business in Illinois.[2]   A November 2022 hailstorm allegedly damaged Luebke-Jones' roof in Cottage Grove, Wisconsin.   After talking with a neighbor, Luebke-Jones became concerned about hail damage to her roof and contacted a contractor, Larson Home Services, who advised that her roof had hail damage.

Luebke-Jones had an insurance policy with State Farm that covered hail damage, and she filed an insurance claim in May 2023.   A State Farm adjuster, Lee Williams, then inspected Luebke-Jones' roof, but concluded that her roof suffered only wear and tear from sun exposure and weather.   (Def.'s Ex. 3 (dkt. #15-3) 2.)   Later that month, State Farm informed Luebke-Jones that its "inspection did not reveal any accidental direct physical loss to [her] home," and it would not issue payment.   (Def.'s Ex. 4 (dkt. #15-4).)   In July 2023, a second State Farm adjuster examined Luebke-Jones' roof and also concluded that her roof only showed signs of "[h]eavy wear and tear from sun exposure and weather over time."   (Def.'s Ex. 5 (dkt. #15-5) 2.)

---

[1] Although the court does not reach the merits of State Farm's motion for summary judgment, the court draws these background facts from the parties' proposed findings of fact and supporting materials.

[2] The parties have not alleged State Farm's state of incorporation.   However, an internet search reveals the company to be incorporated in Illinois.  https://insurance.illinois.gov/applications/RegEntPortal/ViewEntityDetails.aspx?en=834600&s=Active&t=INS  (last visited Dec. 3, 2024). Defendant's counsel is directed to confirm State Farm's state of incorporation in a separate filing.

**B. Procedural History**

In August 2023, Luebke-Jones next filed this action in the Dane County Circuit Court, alleging claims for breach of contract, bad faith and statutory interest. State Farm removed that case to this court, asserting diversity jurisdiction. This court set a schedule at a preliminary pretrial conference on November 2, 2023, including a deadline of January 23, 2024, for plaintiff to disclose any expert witnesses, consistent with the requirements of Fed. R. Civ. P. 26(a)(2). (Pretrial Conf. Order (dkt. #9) at 2.)

In October 2023, defendant moved to bifurcate and stay discovery on Luebke-Jones' bad faith and statutory interest claims. (Dkt. #7.) On November 20, 2023, plaintiff provided her initial Rule 26 disclosures, identifying Brookens Construction LLC and/or its representatives as having discoverable information. (Pl.'s Ex. A (dkt. #21-1) 1.) According to defendant's counsel, however, as of March 2024, plaintiff had not timely disclosed any expert witnesses or reports. (Bukowski Aff. (dkt. #15) ¶ 3.) Accordingly, defendant also moved for summary judgment. (Dkt. #13.)

OPINION

**I. Motion to Bifurcate and Stay**

Federal Rule of Civil Procedure 42(b) provides that a court may order a separate trial on one or more claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Acknowledging that this court disfavors motions to stay, defendant nevertheless asserts that plaintiff should not be allowed to conduct

intrusive, time-consuming and costly institutional discovery on her bad faith claim until its liability for breach of contract is resolved.  (Dkt. #8, at 2.)

In fairness, Wisconsin procedures generally favor the stay that defendant seeks.  *See Dahmen v. Am. Fam. Mut. Ins. Co.*, 2001 WI App 198, 247 Wis. 2d 541, 635 N.W.2d 1. In *Dahmen*, the Wisconsin Court of Appeals reasoned that bifurcation and a stay was appropriate in part due to concerns that plaintiff's bad faith claim would allow for broader discovery than its contract claim and that a single trial on both claims would be likely to confuse the jury.  *Id.* ¶¶ 15-19.  In this case, however, Wisconsin law is not controlling on whether a federal court should bifurcate or stay litigation on plaintiff's bad faith and statutory interest claims -- rather, federal law applies.  *Fiserv Sols., Inc. v. Westchester Fire Ins. Co.*, No. 11-C-0603, 2012 WL 2120513, at *1 (E.D. Wis. June 11, 2012).  Instead, in similar cases, this court has generally reserved on the question of bifurcation until shortly before trial, while denying the defendant's request to stay discovery or summary judgment proceedings.  *E.g., Beigl v. Transamerica Life Ins. Co.*, No. 09-cv-669-slc, 2010 WL 2196970, at *3 (W.D. Wis. May 28, 2010); *Eide v. Life Ins. Co. of N. Am.*, No. 09-cv-671-slc, 2010 WL 1608658, at *2 (W.D. Wis. Apr. 19, 2010); *Xiong v. State Farm Fire & Cas. Co.*, No. 12-cv-115-wmc, 2012 WL 12995657, at *1 (W.D. Wis. May 29, 2012); *Advance Cable Co., LLC v. Cincinnati Ins. Co.*, No. 13-CV-229-wmc, 2013 WL 12234195, at *2 (W.D. Wis. July 26, 2013); *Church Mut. Ins. Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 19-CV-297-WMC, 2020 WL 113908, at *2-3 (W.D. Wis. Jan. 10, 2020).  Having chosen to remove this matter to federal court, therefore, defendant has relinquished any argument for a stay absent good cause shown, which is sorely lacking in this case as explained below.

With regard to the question of trial bifurcation in particular, this court has repeatedly expressed sensitivity to concerns of jury confusion and prejudice that could arise in a single trial, but also noted that some or all issues may be resolved at summary judgment, thereby mooting any decision on bifurcation or, as this court does regularly, can be addressed shortly before trial as necessary.  Accordingly, this court will deny without prejudice defendant's motion to bifurcate.  *See Beigl*, 2010 WL 2196970, at *3; *Eide*, 2010 WL 1608658, at *2; *Xiong*, 2012 WL 12995657, at *1; *Advance Cable*, 2013 WL 12234195, at *2.

As to a discovery stay, this court has previously disagreed with *Dahmen*'s "piecemeal approach to discovery."  For example, in *Beigl*, this court explained that:

> Given the significant overlap that typically exists in the evidence necessary to answer the question whether the insurer was obligated to pay benefits under a policy and if so, whether it had a reasonable basis for thinking it did not, any prejudice to defendant from having to disclose internal documents from its claim file is outweighed by the time and money saved by allowing discovery on all issues to proceed simultaneously.

*Beigl*, 2010 WL 2196970, at *3.  For this same reason, this court finds it appropriate to deny defendant's motion to stay discovery.  *See also Eide*, 2010 WL 1608658, at *2; *Xiong*, 2012 WL 12995657, at *1; *Advance Cable*, 2013 WL 12234195, at *2.

Without a stay, defendant argues that it will suffer unfair prejudice, because it may have to produce its entire claim file, which includes work-product and other privileged materials.  However, courts regularly use tools like "privilege logs, firewalls, *in camera* inspections and other methods to avoid the kind of prejudice" that defendant fears.  *Cho v. Spinnaker Ins. Co.*, No. 21-CV-337, 2022 WL 475963, at *4 (E.D. Wis. Feb. 16, 2022).  Defendant further argues that denying the stay will provide plaintiff's counsel with an

unfair advantage in future cases by granting him insight into defendant's internal workings. As defendant recognizes, however, the parties may stipulate to or move for a protective order that would prevent plaintiff's counsel from using such information in future cases. Regardless, the defendant's interposing a stay motion has served no purpose other than to delay discovery in this case unnecessarily, as well as its timely completion.

More specifically, defendant asserts that bifurcation and a stay would promote judicial economy because, it will "extinguish" the necessity of resolving plaintiff's bad faith claim should the jury side with defendant, but its proposed discovery and trial schedule does not promote judicial economy or efficiency. In *Eide* and *Biegl*, as here, this court strongly prefers to permit simultaneous discovery, and then (where appropriate) bifurcate trials such that both claims could be heard by the same jury in the same week. *Beigl*, 2010 WL 2196970, at *3; *Eide*, 2010 WL 1608658, at *1. A stay of discovery would make this trial schedule impossible, and unnecessarily prolong the case. Therefore, as in previous cases, this court concludes that judicial economy and efficiency would be better promoted without a stay on discovery.

Finally, while the court is sensitive to defendant's concern about juror confusion at trial, that concern is premature, and the court can reconsider whether bifurcation is appropriate after any additional dispositive motions are submitted and resolved. Thus, this court will deny without prejudice defendant's motion to bifurcate the trial and deny its motion to stay discovery on plaintiff's bad faith and statutory interest claims.

## II. Motion for Summary Judgment and Extension of Time

Defendant also moves for summary judgment solely on the ground that plaintiff needed to offer expert evidence to establish that a hailstorm damaged her roof, and having missed her January 2024 deadline to disclose expert witnesses can no longer do so.  In response, plaintiff asserts that she did not disclose expert witnesses because defendant's motion to bifurcate and stay was pending before the court.  Plaintiff now discloses Brookens Construction as an expert she may call in her response to summary judgment and moves for a 60-day extension to disclose an expert witness report.  Plaintiff further argues that she has been diligent with discovery by complying with initial disclosure requirements, noting that she disclosed Brookens Construction as having discoverable information.  Finally, she asserts that defendant will suffer no prejudice if the court extends the expert disclosure deadline.

Here, this court's pretrial conference order set plaintiff's disclosure of experts as due on January 23, 2024, explaining that all disclosures must comply with Fed. R. Civ. P. 26(a)(2).  (Pretrial Conf. Order (dkt. #9) 2.)  If a written expert report is required, Rule 26(a)(2)(B) requires it to contain, among other things: "a complete statement of all opinions the witness will express"; "the basis and reasons for them"; and "the facts or data considered by the witness in forming them."  If an expert witness is not required to provide a written report, the disclosure must state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R Civ. P. 26(a)(2)(C).

Still, Rule 6(b)(1)(B) allows a party to move for an extension after a deadline has passed "because of excusable neglect."  Excusable neglect is a flexible concept that encompasses late filings caused by inadvertence, mistake or carelessness.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388-89 (1993).  In determining whether neglect is excusable, the court must consider all relevant circumstances surrounding the neglect, including the danger of prejudice to the nonmoving party, the length of the delay, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  *Id.* at 395.

Plaintiff's excuse for missing her expert disclosure deadline -- "uncertainty" about the pending motion for bifurcation and a stay -- is weak because she appears to concede an expert would still be necessary to prove her breach of contract claim, which would have proceeded even if the court had granted defendant's motion to bifurcate and stay.  (Pl.'s Br. (dkt. #19) 6.)  Nevertheless, the court will excuse plaintiff's neglect and grant her motion for an extension of time, as it is "loath to have the results in this case turn solely on procedural missteps," especially when defendant has been at least partially responsible for holding up orderly discovery by the very filing of a motion it had every reason to know would be denied.

Moreover, defendant has identified no prejudice from plaintiff's proposed extension.  *Carlson v. Triton Indus., Inc.*, 605 F. Supp. 3d 1124, 1130 (W.D. Wis. 2022); *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998) ("In the normal course of events, justice is dispensed by the hearing of cases on their merits." (quotation marks omitted)).  The court will also limit any arguable prejudice to defendant by likewise

extending its deadlines to make expert disclosures and allow it time to renew its motion for summary judgment on the merits.  Accordingly, the court will grant plaintiff's motion for an extension of time, and Magistrate Judge Anita Boor will reset the relevant dates for disclosure of experts, discovery cutoff, dispositive motions, settlement letters, Rule 26(a)(3) disclosures and motions in limine, pretrial conferences, and trial during a status conference to be scheduled as soon as possible.  Plaintiff is warned that if she again fails to disclose timely and properly any expert witnesses under Rule 26(a)(2), the court may impose Rule 37(c) sanctions.  Given that plaintiff's lack of an expert disclosure was the sole basis for defendant's motion for summary judgment, however, that motion will be denied.

ORDER

IT IS ORDERED that:

1) defendant's motion for an order bifurcating plaintiff's breach of contract and bad faith claims (dkt. #7) is DENIED WITHOUT PREJUDICE to renewal in pretrial *in limine* motions;

2) defendant's motion for an order staying proceedings on plaintiff's bad faith and statutory interest claims (dkt. #7) is DENIED;

3) plaintiff's motion for an extension of time (dkt. #18) is GRANTED;

4) defendant's motion for summary judgment (dkt. #13) is DENIED WITHOUT PREJUDICE to a later filing on the merits; and

5) at a status conference that will be scheduled as soon as possible, Magistrate Judge Anita Boor will reset the relevant dates for disclosure of experts, discovery cutoff, dispositive motions, settlement letters, Rule 26(a)(3) disclosures and motions in limine, pretrial conferences, and trial.

Entered this 10th day of December, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge